# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-1865

_____

United States of America,

*Plaintiff - Appellee,*

v.

Arturo Tapia-Salazar,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: January 16, 2014
Filed: February 6, 2014
[Unpublished]

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Arturo Tapia-Salazar directly appeals after he pled guilty to charges involving possession of marijuana and firearms, and the district court[1] sentenced him to a prison

_____

[1] The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

term below the calculated Guidelines range.  In a brief filed under <u>Anders v. California</u>, 386 U.S. 738 (1967), counsel seeks leave to withdraw and suggests that a partial appeal waiver in Tapia-Salazar's written plea agreement is enforceable, that there is no issue for appeal outside the scope of the appeal waiver, and that Tapia-Salazar can raise claims of ineffective assistance of counsel in a 28 U.S.C. § 2255 proceeding.

We have carefully reviewed the record to determine whether the appeal waiver is valid, <u>see</u> <u>United States v. Azure</u>, 571 F.3d 769, 772 (8th Cir. 2009) (de novo review of record to determine validity of appeal waiver), and whether there is any nonfrivolous issue for appeal, <u>see</u> <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988) (independent review of record in <u>Anders</u> cases).  We conclude that the appeal waiver is valid and enforceable, and that there is no nonfrivolous issue appropriate for direct appeal, outside the scope of the appeal waiver.  <u>See</u> <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver if both waiver and plea agreement were entered into knowingly and voluntarily, appeal is within waiver's scope, and no miscarriage of justice would result); <u>see also</u> <u>United States v. McAdory</u>, 501 F.3d 868, 872 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claims to § 2255 proceedings).

Accordingly, we dismiss this appeal.  We also grant counsel's motion to withdraw.

_____